**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

Case No.: 6:22-cr-26-CEM-RMN

**UNITED STATES OF AMERICA,**

v.

**WILLIAM DANIEL LEONARD**

_____/

**LEONARD'S SENTENCING MEMORANDUM**

Defendant, William Leonard, hereby files this Sentencing Memorandum, in which he asks this Court to exercise its discretion under _Booker_[1] and impose a reasonable sentence of certainly no more than the ten (10) year minimum. Alternatively, or in conjunction with the exercise of that discretion, Leonard asks this Court to downwardly depart and/or to vary or adjust his sentence downward from the advisory guideline range if the Court finds reason to do so.

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

On February 23, 2022, a federal grand jury in the Middle District of Florida, Orlando Division, returned a one-count Indictment against Leonard.  Count One charges that from November 12, 2021 through December 7, 2021, Leonard used a facility and means of interstate commerce to attempt to persuade, induce, entice, and coerce an individual who he believed had not attained the age of 18, to engage in sexual activity, in violation of 18 U.S.C. §§ 2422(b).  On October 11, 2023 a trial commenced.  On October 12, 2023, the jury returned a guilty verdict as to Count One.

---

[1] _United States v. Booker_ and _United States v. FanFan_, 543 US 220 (2005).

## II.     *UNITED STATES v. BOOKER* AND 18 U.S.C. § 3553(a)

The decision of the United States Supreme Court in *Booker* has rendered the United States Sentencing Guidelines "effectively advisory." *Booker*, 543 US 220, 249-65.  Pursuant to *Booker*, sentencing courts are required to consider a defendant's Guideline range, but may "tailor the sentence in light of other statutory concerns as well." *Id.* at 265 (*citing* 18 U.S.C. § 3553 (a)). *Cunningham v. California*, 549 U.S. 270 (2007), *Rita v. U.S.*, 551 U.S. 338 (2007), *Gall v. U.S.*, 552 U.S. 38, 128 S. Ct. 586 (2007), and *Kimbrough v. U.S.*, 552 U.S. 85, 128 S. Ct. 558 (2007) have made it clear district court judges are no longer bound by the guideline outcomes, and instead in determining what is an appropriate sentence in a particular case are to consult and consider the guidelines, then consider all of the factors found in 18 U.S.C. § 3553(a) to determine a reasonable sentence tailored to the specifics of the particular case at hand.  *See e.g. Kimbrough v. U.S.*, 128 S. Ct. 558, 570 (2007).

The effect of *Booker* is that federal district courts must consider the seven factors set forth by § 3553 (a) in determining a sentence:

(1)     the nature and circumstances of the offense and the history and characteristics of the defendant;

(2)     the need for the sentence imposed-

(A)     to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B)     to afford adequate deterrence to criminal conduct;

(C)     to protect the public from further crimes of the defendant; and

(D)     to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3)     the kinds of sentences available;

(4)     [the applicable Sentencing Guidelines];

(5)     any pertinent [Sentencing Guidelines] policy statement;

(6)     the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7)     the need to provide restitution to any victim of the offense.

*See* 18 U.S.C. § 3553(a). Each of these factors will be discussed in turn below.

Sentencing under § 3553 (a) requires the Court to start with the minimum sentence permissible and add only so much additional punishment, if any, as necessary to comply with §3553(a)'s purposes.  As discussed below, application of the § 3553(a) factors to the facts of this case establishes that a sentence of certainly no more than the ten (10) year minimum  is "sufficient to comply with the purpose" of § 3553. Such a sentence would be sufficient to achieve the purposes of § 3553(a).

## III.     THE APPLICATION OF 18 U.S.C. § 3553(a)

### A.     The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant

The nature and circumstances of this offense, as well as the history and characteristics of Leonard weigh in favor of a sentence of certainly no more than the ten (10) year minimum.  Facts support Leonard's request for a sentence of certainly no more than the ten (10) year minimum. With regard to Leonard's personal characteristics, Leonard is 55 years old.  He was born in South Carolina.  Leonard is not married.  He has three maternal half siblings, and two paternal half siblings. He suffers from PTSD from an incident which occurred involving his mother and father.  His mother was verbally and emotionally abusive.  She was not affectionate or nurturing.  His paternal grandmother suffered from mental issues.  His maternal grandmother hated him because of his father.  Leonard was bullied in school, stuttered as a child, and struggled academically.  A

psychological examination administered by the United States Army indicated a diagnosis of high functioning autism. Leonard was assaulted while in the military which required reconstructive surgery. He has neck injuries resulting in L4/L5 spinal fusion surgery.

Evidence about a defendant's background is relevant because the belief "long held by this society, that the defendants who commit criminal acts that are attributable to a disadvantaged background or to emotional or mental problems may be less culpable than defendants who have no such excuse." *Penry v. Lynaugh*, 492 U.S. 302, 319 (1989); *United States v. Lopez*, 938 F.2d 1293, 1298 (D.C. Cir. 1991); *United States v. Deiger*, 916 F.2d 916, 918-19 (4th Cir. 1990). In this case, Leonard's background is not an excuse for his alleged actions. However, it is understandable why he would commit the alleged crime.

### B.    The Purposes of Sentencing

Section 3553(a)(2) lists four purposes of sentencing, which can be summarized as: (1) just punishment; (2) deterrence; (3) protection of the public; and (4) rehabilitation. Under the parsimony principal, the sentence in this case should be the minimum necessary to accomplish the listed purposes. *See* 18 U.S.C. § 3553(a); *United States v. Lacy*, 99 F. Supp.2d 108, 119 (D. Mass 2000). In this case, there is no need to impose a sentence greater than the ten year minimum. Each of the purposes listed by § 3553(a)(2) would be achieved by such a sentence. With regard to a just punishment, Leonard respectfully suggests no more than the ten year minimum is just punishment. Alternatively, Leonard asks this Court to downwardly depart and/or to vary or adjust his sentence downward from the advisory guideline range if the Court finds reason to do so.

### C.        The Kinds of Sentences Available

Count One carries a 10 year minimum mandatory sentence.

### D.        The Sentencing Guidelines and Guideline Policy Statements

#### *The Advisory Guideline Range as Calculated by the PSR*

"Because the guidelines are now only advisory, and because a guideline sentence is not presumptively reasonable in this circuit, it follows that a reasonable sentence may fall above or below the guideline range, so long as it comports with the Section 3553(a) factors." *United States v. Aaron Williams*, Case No.  6:04-cr-111-Orl-31JGG at Doc. No. 63 at 7 (M.D. Fla. 2007) (Presnell, J.) citing *United States v. Talley*, 431 F.3d 784 (11th Cir. 2005).

Pursuant to *Booker*, "district courts, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing."  *Booker*, 543 U.S. at 264, 125 S.Ct. at 767.  Based upon the type of offense, Leonard's prior criminal history, United States Sentencing Guideline impose an advisory guideline range of approximately 97 to 121 months.  This guideline calculation is based upon a total offense level of 30, and a criminal history category of I.   However, because the minimum mandatory is higher than the guideline range, the statutory minimum becomes the guideline.

### E.        5H1.3 Mental and Emotional Conditions (Policy Statement)

"Mental and emotional conditions may be relevant in determining whether a departure is warranted, if such conditions, individually or in combination with other offender characteristics, are present to an unusual degree and distinguish the case from the typical cases covered by the guidelines.... In certain cases a downward departure may be appropriate to accomplish a specific treatment purpose....Mental and emotional conditions may be relevant in determining the conditions of probation or supervised release."

While in the military, Leonard was diagnosed with autistic disorder. He has attempted to take his life multiple times as shown by his testimony during trial. As a result of hearing his testimony, the Court ordered him detained after conviction. It is clear Leonard suffers from a mental and emotional condition which is present to an unusual degree. The facts of this case warrant a downward departure.

**F.     5H1.11 Military, Civic, or Public Service (Policy Statement)**

"Military service may be relevant in determining whether a departure is warranted, if the military service, individually or in combination with other offender characteristics, is present to an unusual degree and distinguishes the case from the typical cases covered by the guidelines."

As stated above, Leonard was assaulted while in the military which required reconstructive surgery. He has neck injuries resulting in L4/L5 spinal fusion surgery. He was honorably discharged with a good conduct medal.

**G.     5K2.0(b) Downward Departure**

A downward departure is warranted in this case.

(b) Downward Departures in Child Crimes and Sexual Offenses. Under 18 U.S.C. § 3553(b)(2)(A)(ii), the sentencing court may impose a sentence below the range established by the applicable guidelines only if the court finds that there exists a mitigating circumstance of a kind, or to a degree, that—
(1) has been affirmatively and specifically identified as a permissible ground of downward departure in the sentencing guidelines or policy statements issued under section 994(a) of title 28, United States Code, taking account of any amendments to such sentencing guidelines or policy statements by act of Congress;
(2) has not adequately been taken into consideration by the Sentencing Commission in formulating the guidelines; and
(3) should result in a sentence different from that described.
The grounds enumerated in this Part K of Chapter Five are the sole grounds that have been affirmatively and specifically identified as a permissible ground of downward departure in these sentencing guidelines and policy statements. Thus, notwithstanding any other reference to authority to depart downward elsewhere in this Sentencing Manual, a ground of downward departure has not been affirmatively and specifically

identified as a permissible ground of downward departure within the meaning of section 3553(b)(2) unless it is expressly enumerated in this Part K as a ground upon which a downward departure may be granted.

It is clear Leonard suffers from a mental and emotional condition which has been identified as a permissible ground of downward departure. Leonard has attempted to take his life, and his Autism has not adequately been taken into consideration by the Sentencing Commission. Leonard's mental condition should result in a sentence different from the establish guideline. Leonard's mental and emotional condition warrant a downward departure.

## IV.      CONCLUSION

For the reasons stated herein, Leonard respectfully urges this Court to impose a sentence of certainly no more than the ten year minimum. Alternatively, and in conjunction, Leonard asks this Court to downwardly depart and/or to vary or adjust his sentence downward from the advisory guideline range if the Court finds reason to do so. Such a sentence will be reasonable and adequately take into account the advisory guideline range and the factors set forth at 18 U.S.C. § 3553(a). Such a sentence will be fair and just punishment.

I HEREBY CERTIFY that a true and correct copy of the foregoing has been electronically filed with the Clerk of Court (CMECF) on this 17th day of April 2024 by using the CMECF system which will send a notice of electronic filing to the assigned Assistant United States Attorney.

/s/ Charles E. Taylor, Jr., Esq.
Charles E. Taylor, Jr., Esq.
Florida Bar No. 0529321
37 North Orange Avenue, Suite 500
Orlando, Florida 32801
Telephone: 407-244-5997
Facsimile: 407-614-1600
Charles@attorneytaylor.com